of Appeals. We particularly welcome the participants in the Fifth Circuit Bar Association Seminar. We always look forward to having that every year. Today we have three cases to be submitted on oral argument. We'll start with United States v. Mathes. Mr. Eberle, I always welcome you back. Thank you, thank you. For the record, Chris Eberle, Court Appointed Counsel for Broderick Mathes, who here challenges the sentence imposed in his case. Very brief history. After reluctantly granting the district court's rather, or rather the government's request for rather significant... We have the history. Why don't you go ahead and move into your... Okay. Well, the court gave two reasons for that upward variance, which was as equally as significant as the downward departure. One of them was Mr. Mathes' criminal history. Specifically the court found that he had a long history of carrying firearms illegally, and he did so, quote, oftentimes in connection with serious drug activity. The second reason... So just lead us through the factual basis on that that was presented on the gun charge, the firearm charge. What was the factual basis? I understand the charge was dropped, but what does the record show about the facts on that? There was a gun found... Mr. Mathes worked in an auto shop. That shop was used by Mathes' brother to take in drugs, distribute drugs, et cetera. He hired his brother, my client, to do that. And the owner of the shop kept a gun sometimes, apparently, underneath the counter. When the FBI came in, they found the gun underneath the counter. It was within reach. They said the gun was in plain view. That is the basis for the gun count. What the court did in this case, in addition to the criminal history being one reason for this departure, the other reason was the dismissal of that gun count. It is our position that that basis does not support a variance at all. Of course, there's two bases, but the one is the criminal history, and it is our position that that basis alone also does not support so large a variance, and I'll quickly point out why. The court said there was a long history of illegal gun possession. Well, there were three. The first one, Mr. Mathes was 17 years old. It was a felony charge. It was reduced to some other crime that the probation officer couldn't identify, so it's not even a gun offense. That leaves two felony possessions. Both were in connection to drug offenses. One was possession intended to distribute 42 grams, one 158 grams. It is our contention that twice does not constitute, quote, oftentimes, and that those drug quantities, those gram quantities do not, on a relative scale, constitute what the court described as very serious drug activity. So that's not to say the court couldn't place a variance based on Mr. Mathes' criminal history. It's just to say that the variance in this case, as large as it is, depended on that other reason that the court gave, and the court was very concerned about the gun charge, as you can see from the colloquy during the substantial assistance hearing. And that would have been a mandatory minimum of 15 years? Right. And the court very clearly said, I'm varying upwards because your criminal history and because... Part of the plea deal was to take out, or at least it came out of the plea negotiations, the government had decided to dismiss that count, but they didn't do it until late. After the plea deal, and the court thought to do, but the defendant and the government were cooking up their own sentences to the derogation of its responsibilities. That's apparently what happened, but... Yes, and, you know, but in this case, the government, assumed, was being honest, felt that Mr. Mathes did not even commit that crime. And his attorney said, yeah, he pled guilty to it, but I told him to. Well, since he's an attorney, as I recall, the record told the court that in the course of his cooperative efforts, incident to the plea bargain, that it became clear that he did not know of the presence of the gun, and that they were going to dismiss that count. And they simply, at that later night, were doing so. But it created the appearance to the court that this dismissal was gratuitous, or at least shouldn't have happened. First of all, yes, that is what the court says. What's the error of the district court? Well, I would note that when the district court actually granted that motion, apparently it didn't have a problem at that time. But the error was this notion of optics, bad optics that the district court felt was caused by this, is not a ground to pin this on Mr. Mathes by imposing a 210-month sentence. And the reason... Is it important that we determine whether or not the error was procedural or substantive? Well, we have argued, as you know, that it is procedural. We would argue that... There's a lot to that. We argue that it was procedural for several reasons. First of all, when the appellant's brief was filed, it seemed that there was no objection to the sentence, which would put a substantive reasonable claim to plain error. That is complicated by the fact that it's not clear that the substantive reasonableness takes into consideration substantial assistance, because the government doesn't have to file the motion. So, in other words, Mr. Mathes had a 210-month sentence. If the district court hadn't granted... If there had been no downward departure and no upward departure, he'd have had a 200-month sentence. It was right in the original guideline range. And I think it would be hard to say that a 200-month sentence in this case, not accounting for substantial assistance, would be substantively reasonable. Of course, then, after the brief was filed, the government realized that the transcripts were wrong, that there was an objection. We have a lot of time at play here. But the difference between whether you prevail or not accounts for how much time in prison for your client. Well, when the court granted the downward departure, it was to a range of, I believe, 70 to 87 months. So he got 210. If the court were to not give an upward departure, that would be rather substantial. What do you mean by rather substantial? Difference between what he has and what he would have gotten if there had been no upward departure. Of course. I was just trying to get a number so people have a sense of what we're talking about. It's about three times the guideline range that was determined after the downward departure. In years. In years, what's the difference? Oh, in years? Well, he got a 17-and-a-half-year sentence. It would have been about, what, 7 years, maybe 10 years. So the district court's concern about appearance, we argue, isn't a sufficient reason to vary. So the question is, can this dismissed count in any other way be deemed an adequate reason for a departure? And we say no. His sentence was not altered by the dismissal of his count, not in any practical way. His guideline range was the same when it was determined after he pleaded guilty to that, and it was the same after that count was dismissed. The court was concerned about a 15-year minimum, and yet the court answers that by giving him a 17-and-a-half-year sentence. That does not follow logically. And finally, as the government will point out, if he'd had the 15-year minimum, statutory minimum, the government would have filed a 3553E motion, which would have avoided the court. The court would not have been constrained by that minimum. In other words, the dismissal of the count had no practical effect on either Mr. Mathis's sentencing exposure or the district court's sentencing discretion. And we do believe that this can be viewed as procedural error on any one of three grounds. First of all, a sentence that's based on a clearly erroneous fact is a procedural error under Gull. And although we're not talking about an offense fact, it is a fact. It's a factual question whether the dismissal of the count had a benefit to Mr. Mathis. And we've argued that no. Does it matter to you whether we find it's a substantive violation or a procedural violation? Does it matter to me? No. As long as you win. Yes, correct. It just affects that seven-and-a-half years. Right. It's either way. And procedural error also includes a sentence that is not supported by adequate reasons, particularly when it's an upward variance. Again, that's from Gull. And we would argue that using this basically a non sequitur argument about the dismissal of a charge being something that needed to be corrected, that is an inadequate reason. So what do you want us to do? We want you to vacate the sentence and remand for further proceedings in light of your opinion, which will tell the district court that it wasn't proper to base an upward variance on a dismissal of the gun count in this case. So what you want is instructions from us that will tell the district court what? That will tell the district court that an upward variance cannot properly, in this case, be premised on a dismiss count that otherwise had no effect, whether it was dismissed or not, on this man's sentence. But the entire big point. Oh, I would add, though, that we – I'm sorry. We've also argued that the court has really not made a finding that this offense that was dismissed was even committed. The court said, you know, based – But didn't the PSR have a supplemental addendum which included information about the gun and its knowledge of the presence of a gun? Yeah, the addendum has a response to an objection that includes a finding by the probation officer that he knew the gun was there. And then the court adopted the PSR without exception. The court adopted the PSR by checking a box on the statement of reasons, and we have argued that that should not be – given the litigation that we all saw in the transcript, that that should not constitute a finding of fact. Given that the court, you know, said, yeah, the gun – I find the gun was there. I find it was in reach. Therefore, I find it was connected to the offense. This wasn't Mr. Mathis's gun to begin with. So that's an ambiguous finding on, we believe, on Mr. Mathis's culpability because he had to find, in addition, that he knew it was there. And our – you know, again, we're arguing that the pro forma checkbox on the statement of reasons does not – is not adequate. It's not an adequate reason to support the finding that there was – that this miscount was ever committed. That's our argument. All right. Well, you saved time for rebuttal. Thank you. Yes, thank you. Ms. Jones. Thank you, Your Honor. Patricia Jones. I'm an assistant United States attorney, and I represent the United States. So it's not very often that we see a government brief that closes with a sentence that reads, for the foregoing reasons, Mathis's sentence should be vacated and the case remanded for resentencing. No, Your Honor. I imagine it's not. It's a very unusual case. And the case is important to us for three reasons. First of all, it was the government's sole decision to dismiss that count. The AUSA handling the case realized that the defendant had not committed the offense. In her opinion, based on all of the evidence, he was simply not guilty of that count. And she did not feel right in leaving him convicted of a count she truly believed he did not commit. And so she made the decision to dismiss the count. Mr. Mathis's attorney was not involved in that. Mr. Mathis was not involved in that. And yet he ends up with a 10-year greater sentence because of a decision made by the United States. And in our view, that's not fair, and we thought it was important to speak up. The second reason is that Mr. Mathis was an extraordinary cooperator. He provided an amazing amount of assistance and information to the United States. Including his brother. Yes, Your Honor. He testified against his brother at trial and, as a result, received death threats and was alienated from his entire family. And so the man deserves to be rewarded. And while the district court granted the 11-level 5K departure, on the one hand, on the other hand, she took the entire benefit away. And that was largely because of the dismissal of the gun count, which actually provided him no benefit. So he ended up with no benefit whatsoever from all of the cooperation he gave to the United States. And that is not only unfair in this case, but it sends a very bad signal for those individuals who may be considering cooperating in the future. We vacate the sentence. We normally would vacate the entire sentence, of course, and leave the sentencing package back to the district court. What instructions would you have this court give to the district judge as to the range of sentencing that are available to her on resentencing? Your Honor, I think the instruction should be that it is improper to consider the dismissal of the gun count as a factor in imposing sentence, and that would be the instruction from this court. Because it is our position that this is a substantive matter and that the dismissal of the count is simply an improper factor to be considered in imposing sentence, and that would guide the court's instructions. Putting aside the gun count, what would be the range of sentences that could be imposed? Your Honor, the guidelines range after the 5K departure was 70 to 87 months. The court was obviously impressed with the criminal history of the defendant and believed that the guidelines range was inadequate to reflect that criminal history. So I would imagine that some upward variance or departure might be permissible from that 70 to 87-month range on the basis of criminal history. The PSR— Ha-ha's up. Sir? That's more like ha-ha's up. And, Your Honor, I think that's something that should be left to the discretion of the district court, unless then there would be an argument that whatever the district court ended up imposing, that there was a clear error of judgment in balancing. We would have to wait and see what she did with that. It would be like sentencing anew, and it would be in her judgment to determine. Better way of explaining that, I hope. Sir? I don't really—it's sort of like sentencing me. Why don't you talk about maybe some other member of my panel? Ha-ha. But if, Your Honor, I don't think more than two levels would be reasonable to reflect the defendant's significant criminal history. Okay. The third reason that the United States takes this position in this case is that although the district court made no finding that there was any sort of misconduct by the attorneys in this case, she intimated that there was something improper about the way we proceeded. She called the AUSA's comments disingenuous. She repeatedly said the optics don't look good. She said, I'm not going to call you a liar, referring to the AUSA, and I'm not going to call you a liar to the defense counsel, clearly signaling that she had a concern that they were not being truthful. And that is not the case at all, Your Honors. The AUSA in this case felt that justice required that the count be dismissed because he was not guilty of it. There was no collusion between the attorneys. I understand why the judge was taken aback by the fact that Mr. Mathis originally came in and pled guilty to the offense and then later says, well, guess what, I'm not really guilty, and my attorney told me to go ahead and plead guilty even though I'm not. And I can understand why the court would be taken aback by that. But if she then steps back and looks at the whole situation, he got nothing out of it. There was no reason for anyone to do this other than the reason that the prosecutor gave, which was that he was not guilty of the offense. So what's our standard of review here? I believe it's abuse of discretion, Your Honor, because I think it's a substantive error. We argue in our brief. We would say that the district court abused its discretion by imposing a substantively unreasonable sentence. Is that what we would be saying? Yes, Your Honor. I'll cut you off. Please go ahead. Thank you, Your Honor. As far as the finding of fact issue, I think that we are left with the fact that the judge did adopt the pre-sentence report. The pre-sentence report does say in the supplemental addendum that the defendant did know about the gun. So I don't think there's a basis for arguing that the court made a procedural error by not making a finding of fact. In the end, Your Honors, we believe that the court erred substantively by imposing an unreasonable sentence. And unless the court has further questions, I'll cede the remainder of my time. All right. Thank you, Ms. Jones. Mr. Eberle, you saved time for rebuttal. I don't have any rebuttals. If the court has any questions, I'll be happy to answer them. Otherwise, I'm done. All right. Well, we thank you for your presentation, and we noticed that your court appointed, and you've been taking these appointments for a very long time. The court is appreciative always of your good work on behalf of your client and hope you'll be willing to take additional appointments. So you were a staff attorney here. So when did you leave the staff attorney's office? I know it was a long time ago. 1990. 1990. All right. That's not so long ago. All right. Your case is under submission. Next case.